■ SERGE JARVIS et al., Appellants, v. NEW YORK CENTRAL RAILROAD COMPANY et al., Respondents.— Order entered on November 10, 1960, denying plaintiffs' motion for an order directing the examination of the defendants before trial, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, Rabin, Valente, and Steuer, JJ.

■ WILLIAM M. HORNE, Appellant, v. OMAT CORPORATION, Respondent, et al., Defendants.— Order entered on February 2, 1961 insofar as it grants the motion of defendant Omat Corporation to vacate and set aside the service of the summons and complaint, unanimously affirmed, with $20 costs and disbursements to respondent. Appellant's attack on the order rests upon a contention that respondent's filing of a notice of special appearance before making a motion to vacate the process constituted a waiver of its right to assail the service. That contention is predicated upon the language of subdivision 1 of section 237-a of the Civil Practice Act that objection to the court's jurisdiction over the person must be raised by a motion to set aside the service of process, and the objection "if raised in a manner other than provided in this section" shall be deemed waived. A notice of special appearance is no longer required under section 237-a. Although such a notice may be regarded as superfluous, its unnecessary use should not be construed as a waiver of the right to make the appropriate motion. Such a notice merely serves to indicate an intention to move to vacate the process (Sixteenth Annual Report of N. Y. Judicial Council, 1950, p. 203; see *Nassau Sav. & Loan Assn.* v. *Fiske,* N. Y. L. J., April 24, 1961, p. 18, col. 2). Insofar as the decisions of Special Term in *Vincenti* v. *Tarr* (N. Y. L. J., Feb. 17, 1954, p. 7, col. 8); *Reagan Realty Corp.* v. *Rizzuto* (N. Y. L. J., March 29, 1954, p. 14, col. 5) and *Mayer* v. *Cratty* (N. Y. L. J., Jan. 18, 1952, p. 251, col. 6) indicate that the antecedent service of a notice of special appearance constitutes a waiver of the rights to make the appropriate motion, they cannot be approved since their conclusions represent an unnecessarily restrictive reading of section 237-a of the Civil Practice Act. Concur — Botein, P. J., Breitel, Rabin and Valente, JJ.

■ CAVAC COMPANIA ANONIMA VENEZOLANA DE ADMINISTRACION Y COMERCIO, Respondent, v. NANCY C. STANLEY, as Administratrix of the Estate of STANLEY T. STANLEY, Deceased, et al., Appellants.— Order entered on March 6, 1961, granting plaintiff's motion to vacate the dismissal of its complaint, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Valente and Steuer, JJ.

■ ANGELO BOTTAZZI, Appellant, v. CHARLES DE MARINIS, Respondent.— Order entered on April 3, 1961, vacating the warrant of attachment dated March 8, 1961, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Valente and Steuer, JJ.

■ DAVID L. DELMAN, Appellant, v. HEARST CONSOLIDATED PUBLICATIONS, INC., Respondent.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Valente, J. P., McNally, Stevens, Eager and Steuer, JJ.